UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JANET D. BROOMFIELD                                                                                    PLAINTIFF

V.                                                                        CIVIL ACTION NO. 3:21-CV-165-DPJ-FKB

STATE FARM MUTUAL                                                                                   DEFENDANT
AUTOMOBILE INSURANCE CO.

ORDER

Defendant State Farm Mutual Automobile Insurance Co. asks this Court to sanction Plaintiff Janet D. Broomfield's alleged perjury by dismissing this case with prejudice. Mot. [25] at 1. Broomfield never responded to State Farm's motion, and the Court finds that it should be granted.

Broomfield sued State Farm for breach of contract because it allegedly failed to make payments related to her August 2019 car wreck. Compl. [1-1] ¶¶ 5–9, 13. She claims the collision left her with back, neck, and hip pain, stiffness; a bulging-disk diagnosis; and a limited range of motion. Pl.'s Discovery Resps. [25-2] at 3; Pl.'s Dep. [25-5] at 32.

According to State Farm, this was not the first time Broomfield suffered those same injuries, yet she repeatedly denied that fact—under oath—during discovery. Broomfield does admit that she was in another collision in 2017. Pl.'s Discovery Resps. [25-2] at 5. But, during her deposition, she adamantly denied any injury in 2017 beyond next-day whiplash; she also specifically denied having received a post-collision CT scan. Pl.'s Dep. [25-5] at 34–37. Significantly, Broomfield testified (and provided sworn statements indicating) that she had not previously suffered *any* pain or injury like what she alleges in this case. As just one example, she was asked:

    [Q]    . . . Had you had problems with your neck before this day?
    A      No.

> Q	Never?
> A	No, never.
> Q	You had never sought—
> A	Not ever, ever, ever.
> Q	. . . Had you ever sought medical treatment for any pain or any other issues in your neck before this day?
> A	No.

*Id.* at 10; *see also id.* at 26 (expressing the same as to Plaintiff's back); Pl.'s Discovery Resps. [25-2] at 8 (denying any pre-existing medical condition, "whether traumatic, disease, or genetic [in] origin").[1]

None of that proved true. According to medical records State Farm presented to support its motion, Broomfield's 2017 collision inflicted "injuries[] [to her] neck, chest wall, back, right arm and left arm." Mot. Ex. K [25-11] at 1. In its aftermath, she received four CT scans, including one of her cervical spine prompted by "neck pain, neck trauma/injury." *Id.* at 4–6 (capitalization altered). Finally, the records indicate that Broomfield had "a history of chronic back pain from a previous MVC," *id.* at 7 (capitalization altered); *see* Mot. Ex. P [25-16] at 1, and she had received medical attention for back pain multiple times in the months leading up to the August 2019 accident, including four days before the subject collision, Mot. Exs. N [25-14], O [25-15], P [25-16], Q [25-17], R [25-18], S [25-19].

"Federal courts have inherent powers which include the authority to sanction a party or attorney when necessary to achieve the orderly and expeditions disposition of their dockets." *Budri v. Amin. Review Bd., U.S. Dep't of Labor*, 858 F. App'x 117, 127 (5th Cir. 2021) (per curiam) (quoting *In re Carroll*, 850 F.3d 811, 815 (5th Cir. 2017)). Those sanctions can include dismissal with prejudice, but only if: "(1) there is 'a clear record of delay or contumacious

---

[1] Interrogatory responses and deposition testimony are both provided under oath. *See* Fed. R. Civ. P. 30(c)(1), 33(b)(3).

conduct by the plaintiff,' and (2) 'lesser sanctions would not serve the best interests of justice.'" *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77 (5th Cir. 2011) (quoting *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir. 1985)) (affirming dismissal with prejudice as sanction for perjury during discovery). Additionally, dismissal with prejudice is "a more appropriate sanction when the objectionable conduct is that of the client, and not the attorney." *Id.* (citation omitted).

Here, the disputed conduct came from Broomfield, not her attorney. And State Farm argues that Broomfield has committed a fraud on the court, a species of contumacious conduct potentially warranting the ultimate sanction. *See id.* at 78 ("Through his perjured testimony, Brown committed fraud upon the court, and this blatant misconduct constitutes contumacious conduct."). A fraud on the court is "an unconscionable plan or scheme . . . designed to improperly influence the court." *In re Moore*, 739 F.3d 724, 733 n.15 (5th Cir. 2014) (quoting *Fierro v. Johnson*, 197 F.3d 147, 155 (5th Cir. 1999)). The key factor in the analysis is "the imputation of knowledge (and resultant bad faith)." *Id.*

State Farm established both factors in its motion, yet Broomfield declined to file a response and offered no explanation for her apparent misrepresentations. Thus, State Farm's motion stands unopposed. For that reason, coupled with the blatant nature of the misrepresentations, the substantial evidence proving them, the obvious nexus between Broomfield's misstatements and her claims, and the evidence that she repeatedly acknowledged her 2017 injuries to healthcare providers but not during discovery, the Court finds that Broomfield intentionally committed a fraud on the court. *See Snider v. L-3 Commc'ns Vertex Aerospace, L.L.C.*, 946 F.3d 660, 679 (5th Cir. 2019) (finding that "[p]erjury is contumacious conduct"). Sanctions are appropriate.

Any "sanction chosen must employ the least possible power adequate to the end proposed." *Budri*, 858 F. App'x at 127 (quoting *Nat'l Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996)). "Assessments of fines, costs, or damages against the plaintiff or his counsel, attorney disciplinary measures, conditional dismissal, dismissal without prejudice, and explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket." *Rogers v. Kroger Co.*, 669 F.2d 317, 321–22 (5th Cir. 1982).

The Court has considered those lesser sanctions and finds them lacking. This was not a one-time slip of the tongue. In addition to the false interrogatory response, State Farm lists over two dozen blatant misrepresentations in Broomfield's deposition testimony. Mot. [25] at 5–8; *see, e.g.*, Pl.'s Dep [25-5] at 23 (stating, when asked whether she had neck "problems" before 2019, "Not ever, ever, ever"). Those representations were material, and, under these circumstances, any lesser sanction would amount to a slap on the wrist. In addition, State Farm notes that Broomfield's perjury triggered her policy's concealment clause, which revokes coverage if a policyholder makes "false statements with the intent to conceal or misrepresent any material fact of circumstance in connection with any claim under this policy." Mot. [25] at 15 n.8 (quoting Policy [25-21] at 9). Finally, sanctions for perjury are, in part, motivated by the need for deterrence, which warrants a more severe sanction. *See Brown*, 664 F.3d at 79; *accord Hull v. Mun. of San Juan*, 356 F.3d 98, 103 (1st Cir. 2004) ("[S]ince not everyone will be caught, the penalty needs to be severe enough to deter."). Honest discovery is the bedrock of civil litigation, and misrepresentations of this magnitude must be deterred.

Every case is different, and "the facts of each case largely determine the appropriateness of dismissal." *Brown*, 664 F.3d at 77. Not every misstatement in a deposition will warrant this

sanction, but on this undisputed record over an unopposed motion, the Court finds that no lesser sanction than dismissal with prejudice would adequately address the Court's concerns.

This case is dismissed with prejudice. A separate judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 24th day of February, 2022.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE